UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiffs,

Case No. 8:07-CR-170-SCB-MSS

-vs-

28 May 2008
Tampa, Florida
10:19 a.m.

PAUL F. LITTLE,
a/k/a "Max Hardcore"
a/k/a "Max Steiner," and
MAX WORLD ENTERTAINMENT, INC.,

Defendants.
---------------------------------/

EXCERPT OF TRANSCRIPT OF TRIAL PROCEEDINGS
BEFORE THE HONORABLE SUSAN C. BUCKLEW,
UNITED STATES DISTRICT COURT JUDGE
(OPENING STATEMENTS OF COUNSEL)

APPEARANCES:

For the Government: LISAMARIE FREITAS, ESQUIRE
EDWARD J. McANDREW, ESQUIRE
U. S. Department of Justice
Criminal Division
Child Exploitation and Obscenity Section
1400 New York Avenue N.W.
Washington, D.C. 20530

For the Defendant Paul F. Little: JEFFREY J. DOUGLAS, ESQUIRE
Law Office of Jeffrey J. Douglas
1717 Fourth Street, Third Floor
Santa Monica, California 90401
(310) 576-3411

For the Defendants Paul F. Little and Max World Entertainment, Inc.: JAMES S. BENJAMIN, ESQUIRE
DANIEL AARONSON, ESQUIRE
Benjamin & Aaronson, P.A.

One Financial Plaza, Suite 1615
Fort Lauderdale, Florida 33394
(954) 779-1700

For the Defendant
Max World Entertainment
Inc.:

H. LOUIS SIRKIN, ESQUIRE
JENNIFER M. KINSLEY, ESQUIRE
Sirkin, Pinales & Schwartz LLP
105 West Fourth Street, Suite 920
Cincinnati, Ohio 45202
(513) 721-4876

Reported By:

PAUL K. SPANGLER, RPR,
Official Court Reporter
Certificates of Merit and
Proficiency, Notary Public
(813) 301-5898

STENOGRAPHICALLY RECORDED
COMPUTER-AIDED TRANSCRIPTION
BY ECLIPSE

(10:19 a.m.) P R O C E E D I N G S

* * * * *

MS. FREITAS: Thank you.

THE COURT: Okay.

Everyone have a pad in front of them?

All right. Ms. Freitas, you may make an opening statement on behalf of the United States.

MS. FREITAS: Thank you, Your Honor. (10:19 a.m.)

THE COURT: It also -- and I don't mean to be saying anything about your height, but it also goes up and down, if you would like.

MS. FREITAS: I appreciate that, Your Honor. I wear very high heels so I could actually be seen over the podium today.

Good morning. As you all heard yesterday, my name is LisaMarie Freitas, and along with my co-counsel, Ed. McAndrew, we represent the United States.

Along with us at the table is Clayton Berger -- Clayton Gerber, and he is a postal inspector from the United States Postal Inspection Service.

Now, we're here today to present a case to you all involving charges of obscenity, and as you all heard the Indictment yesterday, you're aware that that involves ten counts.

In doing so, we, the Government, are going to ask

you all to view videos and movie clips that are, in fact, sexual in nature. This may or may not make you uncomfortable, and we do apologize for that.

However, as you all have a responsibility to view the evidence in the case, we have a responsibility to present the evidence in the case. And that evidence will, in fact, include DVDs and trailer clips.

You all are here today to make a specific determination regarding Federal violations that we have, in fact, charged; not to legislate or create policy.

Now, the Government's going to present evidence involving all ten counts that the Judge read to you yesterday in your Indictment. The first five counts that the defendant Paul Little and Max World Entertainment are charged with involve the production and transportation of obscene matters for sale or distribution. And this is on his website.

Now, you're going to hear testimony today from Jim Fottrell. He's a computer forensic specialist in the field of commercial websites. He's going to talk to you a little bit about how commercial websites work, such as the one that the defendant utilizes.

He's going to show you a recording of the website that he, in fact, captured in 2006 when the website was hosted in Tampa, Florida, and the trailers that were

advertised on that website, and that were available at that time.

And there's going to be five of those trailers.

The remaining five counts that the defendant is charged with are for mailing obscene matter. You're going to hear testimony from a postal inspector who made undercover purchases from the defendant's website.

Postal Inspector Linda Walker is going to present evidence that, in fact, the defendant -- the defendant stars in, produces, directs and aids in the distribution of videos.

Inspector Walker will also testify that she purchased these DVDs, and they were shipped to her through the United States postal mail to Tampa, Florida.

Now, members of the jury, I do want to clarify something. We're not here today to present evidence of strip club dances or naked people, and we're certainly not here to present evidence attacking the adult entertainment industry. We are here to present evidence, in the defendant's words, of extreme acts.

And you're going to see evidence of those acts today and tomorrow. As the defendant is charged with obscenity, we're going to ask you to make a determination that the trailers and the DVDs that we present to you all are, in fact, obscene material.

To do that, we're going to ask you to use a standard called the Miller Standard. Much as you have to have a blueprint to build a house, you have to have a blueprint to make that determination, and that is, in fact, the Miller Standard.

It's not my responsibility as the Government, or the defense's responsibility, to explain what the Miller Standard is. At the end of the trial the Judge is, in fact, going to do that for you when she presents her jury instructions.

But for now I will advise you what the Miller Standard is. The Miller Standard says that material is obscene if, one: An average person applying contemporary community standards finds that the material taken as a whole appeals to a prurient interest.

Two: An average person applying contemporary community standards finds that the material depicts sexual conduct in a patently offensive manner.

Three: A reasonable person viewing the material as a whole finds that it lacks serious literary, artistic, political or scientific value.

And again, at the end of the trial the Judge will explain to you a lot of what those terms mean.

At the end of the trial, we're going to come back before you, after you've seen all of the evidence, and we're

going to ask that you take a look at the Miller Standard, and that you use it to make a determination that the material we present is, in fact, obscene. We're then going to ask you to return to the jury room and return a verdict of guilty.

Thank you. (10:24 a.m.)

THE COURT: Mr. Douglas, on behalf of Paul Little.

MR. DOUGLAS: Yes, Your Honor. I would request of -- for the Court that we reserve opening statement.

THE COURT: All right.

Mr. Sirkin, on behalf of Max World Entertainment, Inc.

MR. SIRKIN: If it please the Court, counsel, uh, ladies and gentlemen of the jury.

Once again, my name is Louis Sirkin. I'm -- along with Jennifer Kinsley and Daniel Aaronson, we represent Max World Entertainment, Incorporated. My colleagues, Jeffrey Douglas and Jamie Benjamin, uh, represent Mr. Paul Little.

The evidence in this case is going to show that on or about on January the 18th, 2006, agents of the United States Government, from geographic location somewhere in the United States, downloaded from a website chosen by these agents from a -- a very large number of available websites on the informational superhighway, otherwise known

as the internet, four video files and a video film. The files and the film total approximately eight minutes and eight sec -- seconds of viewing time.

The evidence will further show that the four files and one film were not produced in the Middle District of Florida, nor were they -- there will be any evidence that Max World Entertainment or Paul Little knowingly distributed or sold or hosted a website in the Middle District of Florida.

In addition, the evidence is going to show, uh, that four DVDs alleged to be mailed to a post office box in Tampa, Florida on March the 23rd, 2007, and one video -- DVD that was alleged to be mailed to the Middle District of Florida, or Tampa, on March the 28th, 2007, were ordered by agents of the United States Government from a geographic location somewhere in the United States and were not -- and were not knowingly sold by or mailed by Max World Entertainment or Paul Little.

As a matter of fact, the evidence is going to show that they were sold and mailed by a company known as Jaded Video, Incorporated. And you will also learn from the evidence that the owner of Jaded Video will -- has been granted immunity.

Otherwise, he's -- in other words, he's been given a deal to testify in this case to his activities relating to

the sale and distribution of the four DVDs that were sold on March the 23rd, and the one DVD that was sold on March the 28th; and that he will not be prosecuted for that.

No allegations have been made against him, nor will he be, uh, charged with anything related to any other activities to which he testifies to during the course of this trial.

The evidence is further going to show that each of the DVDs and files and film were produced in locations outside of the Middle District of Florida, and they were, uh, produced, and they were participated in, and the actors were all voluntary consenting adults who participated in both the preparation, the scripting, and ultimately in the manner in which these were to be safely produced.

The evidence will contain, as you heard, explicit depictions of sexual activity in addition to some other activity that involves bodily functions. You're going to see graphic depictions of anal and vaginal sexual intercourse; you're going to see urination; you're going to see vomiting; you're going to see gagging; and you're going to see fellatio; and you're going to see ejaculation, uh, on a female's body. Now, the female actors who participated consensually in the material.

The evidence will further show that the materials, when reviewed as a whole, uh, and in accordance with the

instructions that you will hear at the end of the case by the Court, you will find that the materials are not obscene, and you will ultimately find that Paul Little and Max World Entertainment, Incorporated are not guilty.

Thank you. (10:28 a.m.)

* * * * *

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH )

I, PAUL K. SPANGLER, Official Court Reporter for the United States District Court, Middle District, Tampa Division,

DO HEREBY CERTIFY, that I was authorized to and did, through use of Computer Aided Transcription, report in shorthand the proceedings and evidence in the above-styled cause, as stated in the caption hereto, and that the foregoing pages numbered 1 to 11, inclusive, constitute a true and correct transcription of my shorthand report of said proceedings and evidence.

IN WITNESS WHEREOF I have hereunto set my hand in the City of Tampa, County of Hillsborough, State of Florida, this 26th day of June, 2008.

S/PAUL K. SPANGLER

PAUL K. SPANGLER, Official Court Reporter